UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Sharon Smith McLaurin, et.al.

                Plaintiffs

v.                               Civil Action No. 4:14-cv-00740

Waffle House, Inc. and
Bandidos Motorcycle Club

                Defendants

## PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs allege:

1. At all relevant times, Plaintiff Sharon Smith McLaurin has resided and now resides at 1723 Hollyberry, Houston, Harris County, Texas.

2. At all relevant times, Plaintiff Cottrell McLaurin has resided and now resides at 1723 Hollyberry, Houston, Harris County, Texas.

3. At all relevant times, Plaintiff Toni Lewis Kelly has resided and now resides at 402 Elm St., Crosby, Harris County, Texas.

4. At all relevant times, Plaintiff Donald Kelly has resided and now resides at 5742 Waterford Dr., Houston, Harris County, Texas.

5. Plaintiffs are African American.

6. At all relevant times, Defendant Waffle House, Inc. was a place of accommodation as that term is defined in Title 42, United States Code §2000a (42USCA§2000a), consisting

of, but not limited to, a public restaurant facility located at 7203 Garth Rd., Baytown, Harris County, Texas.

7. At all relevant times, Defendant Bandidos Motorcycle Club is an international, one-percenter motorcycle gang formed and concentrated in Texas.

## FIRST CAUSE OF ACTION

(42 U.S.C.A. § 2000a)

8. The allegations set forth in Paragraphs 1-7, inclusive, are incorporated into this cause of action by reference as if set forth in full.

9. On or about the early morning hours of January 22, 2012, Plaintiffs entered the Defendant Waffle House's Waffle House restaurant in Baytown, Harris County, Texas. Said restaurant is a "seat yourself" facility. Plaintiffs sat down at an empty booth and were told by Defendant Waffle House, Inc. employee Brittney Campbell "You people can't sit there." Plaintiffs were the only African American patrons seated in that section of the restaurant. After questioning why they couldn't sit there and not receiving a reasonable answer, they remained seated. Whereupon said employee got very angry and loud and yelled "If you people sit there I will not serve your table." She further informed the Plaintiffs that "you people are out of place!" Shortly thereafter, a group of Bandidos motorcycle riders walked into the restaurant and up to the table. Said employee then told Plaintiffs that "This is who the table belongs to--not you people. You people will not get served." Defendant Bandidos sat at the adjacent table and were served by said employee. After waiting for some time without anyone serving them, another employee who was working at the grill advised Plaintiffs that no one else was

2

willing to wait on them, but that he would try. Brittany Campbell stood by and laughed and joked with Defendant Bandidos and made fun of the fact that Plaintiffs were not being serviced properly as she served Defendant. Other African American patrons were in the restaurant, but not seated on the same side and/or section of the restaurant as Plaintiffs. Upon exiting the restaurant and in the parking lot, Defendant's same employee further colluded with members of Defendant Bandidos Motorcycle Club, who approached Plaintiffs by using a knife to intimidate and threaten Plaintiffs, while she loudly informed Plaintiffs that they "didn't belong there, that she was about to call the police, and that they would all go to jail because they didn't sit in their place." She further insulted and embarrassed them by stating that they "needed to leave now and we don't want you all here." Plaintiff Sharon Smith McLaurin called Customer Service from the car on that date and was informed in a letter dated May 7, 2012, from corporate that they found no wrongdoing on the part of the salesperson (the same Brittney Campbell).

10. Defendant Waffle House's failure and refusal to provide restaurant service to Plaintiffs that was equal to that provided by Defendants Waffle House to Caucasian persons (as exemplified by service to Defendant Bandidos Motorcycle Club) was a violation of 42 United States Code sections 2000a et seq. (42 U.S.C.A. §§2000a et seq.)

11. Plaintiffs are informed and believe, and based on that information and belief allege, that Defendant Waffle House, Inc. has engaged in a pattern and practice of refusing to provide equal service to African Americans with the purpose of discouraging people such as Plaintiffs from patronizing the restaurant.

3

12. Unless Defendants are restrained and enjoined from the conduct alleged above, they will continue to engage in it, and will continue to discriminate against Plaintiffs and other members of Plaintiffs' race.

13. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages and personal injury, including, but not limited to a. All reasonable and necessary costs incurred in pursuit of this suit; b. Emotional pain; c. Loss of enjoyment of life; d. Mental anguish in the past; e. Mental anguish in the future; f. All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs; g. Expert fees as the Court deems appropriate; h. Humiliation; and i. Physical discomfort. Said damages are in the amount of $1,000,000.00

14. Defendants intentionally, knowingly, and willfully discriminated against Plaintiffs on racial grounds, and with a reckless disregard of Plaintiffs' federally protected civil rights, and with a knowing disregard of Plaintiffs rights under the State of Texas. In addition, Defendants intentionally, knowingly, and willfully refused to cease and desist from their discriminatory conduct while Plaintiffs remained in the restaurant and when they exited the restaurant to enter their vehicle. Because Defendants have discriminated in an intentional, knowing, and willful manner, the Court should impose punitive damages against them.

## SECOND CAUSE OF ACTION

## FALSE IMPRISONMENT BY WAFFLE HOUSE, INC.

15. The allegations set forth in Paragraphs 1-14, inclusive, are incorporated into this cause of action by reference as if set forth in full.

4

16. Defendant, Waffle House, Inc., by and through its employee, Brittany Campbell, in conjunction and collusion with several members of Defendant Bandidos Motorcycle Club willfully detained Plaintiffs. Plaintiffs did not consent to the detention and the detention was without legal authority or justification. Plaintiffs were cornered by Brittany Campbell accompanied by Defendant Bandidos Motorcycle Club in the Defendant Waffle House, Inc. parking lot. Plaintiffs suffered damages for which Plaintiffs herein sue.

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BY WAFFLE HOUSE, INC.

17. The allegations set forth in Paragraphs 1-14, inclusive, are incorporated into this cause of action by reference as if set forth in full.

18. Defendant, Waffle House, Inc., by and through its employee Brittany Campbell intentionally or recklessly insulted and embarrassed Plaintiffs by her speech and actions in front of other patrons and Defendant Bandidos Motorcycle Club. Defendant Waffle House, Inc.'s conduct was extreme and outrageous and proximately caused Plaintiffs severe emotional distress. Plaintiffs suffered damages for which Plaintiffs herein sue.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION
### BY WAFFLE HOUSE, INC.

19. The allegations set forth in Paragraphs 1-14, inclusive, are incorporated into this cause of action by reference as if set forth in full.

20. Plaintiffs allege that the conduct of Defendant, Waffle House, Inc., constituted negligent hiring, supervision, training and retention. Plaintiffs allege that Defendant,

Waffle House, Inc., did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Brittany Campbell was unfit, incompetent, or a danger to third parties. Defendant, Waffle House, Inc., knew or should have known that Brittany Campbell was unfit and could foresee that Brittany Campbell would come in contact with Plaintiffs, creating a risk of danger to Plaintiffs. Defendant, Waffle House, Inc.'s failure to exercise reasonable care in the hiring, supervision, training and retention of Brittany Campbell was the proximate cause of damages to Plaintiffs for which Plaintiffs hereby sue.

### FIFTH CAUSE OF ACTION
### ASSAULT AND BATTERY BY DEFENDANT

21. The allegations set forth in Paragraphs 1-14, inclusive, are incorporated into this cause of action by reference as if set forth in full.

22. Defendant, Waffle House, Inc., by and through its employee Brittany Campbell in collusion with Defendant Bandidos Motorcycle Club intentionally, knowingly, or recklessly made contact with Plaintiffs' persons or threatened Plaintiffs with imminent bodily injury which caused injury to Plaintiffs. Brittany Campbell along with several members of the Defendant Bandidos Motorcycle Club approached, cornered, and threatened Plaintiffs with a knife on the Defendant Waffle House Inc.'s property, to wit, the parking lot, after Plaintiffs exited the Defendant Waffle House, Inc.'s restaurant. Plaintiffs suffered damages for which Plaintiffs herein sue.

### SIXTH CAUSE OF ACTION

(Declaratory Relief)

23. The allegations set forth in Paragraphs 1-14, inclusive, are incorporated into this cause of action by reference as if set forth in full.

24. An actual controversy exists between Plaintiffs and Defendants as to whether Defendant Waffle House's unequal treatment of Plaintiffs violates the Civil Rights Act of 1964, 42 U.S.C.A §2000a et. seq., or any applicable State statute.

25. It is necessary and appropriate for the Court to issue a declaration of rights in this case in order that the parties can have a clear statement as to their respective rights, and so that future litigation over similar incidents can be avoided. In this regard, Plaintiffs have no plain, speedy, or adequate remedy at law.

WHEREFORE, Plaintiffs request relief as follows:

1. Immediate issuance of a temporary restraining order, followed by a preliminary injunction, and ultimately by a permanent injunction preventing Defendants, or any of them, from discriminating against Plaintiffs in violation of 42 U.S.C.A. §2000a et. seq.

2. Declaration of rights declaring Defendants' conduct as alleged in this complain violates such statutes.

3. An award of compensatory damages in the amount of $1,000,000.00.

4. An appropriate award of punitive damages sufficient to punish Defendants and deter them from again engaging in the conduct alleged above.

5. An award of costs, including attorney fees pursuant to any applicable State statutes and 42 U.S.C.A. §1988; and

6. The Court grant Plaintiffs such other relief as the Court deems proper.

April 10, 2014

                        Respectfully submitted,

                        Rhonda J. Session,
                        Attorney and Counselor at Law, PC
                        11233 Shadow Creek Parkway, Suite 200
                        Pearland, Texas 77545
                        832.456.7967
                        866.458.4250 fax

                        By:/s/ Rhonda Session
                        Rhonda J. Session
                        rhondajsession@justice.com
                        Texas Bar No. 00791636
                        Attorney for Plaintiffs

## Certificate of Service

I certify that a true and correct copy of this document has been served on all attorneys of record and/or pro se litigants by U.S. certified mail, return receipt requested, by hand delivery, e-service or by electronic mail from the Clerk of this Court on this 10th day of April, 2014.

Michael D. Williams
1177 West Loop South 10th Floor
Houston, Texas 77027
713.629.1580
713.629.5027 fax
mwilliams@brownsims.com
Counsel for Defendant Waffle House

                        /s/ Rhonda Session
                        Rhonda J. Session
                        Attorney for Plaintiffs