In the United States District Court
for the Southern District of Texas
Houston Division

| | |
|---|---|
| Sharon Smith McLaurin, et al.,<br>*Plaintiffs,* | |
| v. | Civil Action No. 4:14-cv-00740 |
| Waffle House, Inc. and Bandidos<br>Motorcycle Club,<br>*Defendants.* | Jury Demanded |

## Subject to Defendant Waffle House, Inc.'s Rule 12(b)(6) Motion to Dismiss, Defendant Waffle House, Inc.'s Answer to Plaintiffs' Second Amended Complaint

To the Honorable Judge Sim Lake:

COMES NOW, Waffle House, Inc., Defendant in the above-styled and numbered cause (hereinafter "Defendant Waffle House"), appearing by and through the assistance of the undersigned counsel of record, and files this *Answer to Plaintiffs' Second Amended Complaint*, subject to Defendant Waffle House, Inc.'s *Rule 12(b)(6) Motion to Dismiss*. In support thereof, Defendant Waffle House respectfully shows this Honorable Court as follows:

### I.     First Defense: Failure to State a Claim Upon Which Relief Can Be Granted

1.1.    Plaintiffs' Second Amended Complaint fails to state a claim against Defendant Waffle House upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). This Answer is

being filed subject to Defendant Waffle House, Inc.'s Rule 12(b)(6) Motion to Dismiss.

## II.    Specific Admissions and Denials

2.1.    Defendant Waffle House admits the allegations appearing in Paragraph 1 of Plaintiffs' Second Amended Complaint.

2.2.    Defendant Waffle House admits the allegations appearing in Paragraph 2 of Plaintiffs' Second Amended Complaint.

2.3.    Defendant Waffle House admits the allegations appearing in Paragraph 3 of Plaintiffs' Second Amended Complaint.

2.4.    Defendant Waffle House admits the allegations appearing in Paragraph 4 of Plaintiffs' Second Amended Complaint.

2.5.    Defendant Waffle House admits the allegations appearing in Paragraph 5 of Plaintiffs' Second Amended Complaint.

2.6.    While denying all liability asserted against it herein, Defendant Waffle House admits it is a place of accommodation as that term is defined in 42 U.S.C. § 2000a and that the address of the restaurant at issue in this claim is 7203 Garth Rd., Baytown, Harris County, Texas, as contained in Paragraph 6.

2.7.    Defendant Waffle House lacks knowledge or information sufficient to form a belief about the allegations appearing in Paragraph 7 of Plaintiffs' Second Amended Complaint.

2.8.    Paragraph 8 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.9.    With respect to Paragraph 9 of Plaintiffs' Second Amended Complaint:

a.   Defendant Waffle House admits that Plaintiffs entered Waffle House in Baytown, Texas during the early morning hours of January 22, 2012.

b.   Defendant Waffle House denies that Waffle House is a "seat yourself" restaurant.

c.   Defendant Waffle House denies that Plaintiffs sat in an empty booth and further denies that Plaintiffs were told by employee Brittany Campbell, "You people can't sit there."

d.   Defendant Waffle House denies that Plaintiffs were the only African American patrons seated in that section of the restaurant.

e.   Defendant Waffle House denies that Plaintiffs questioned why they couldn't sit in the booth, denies that Plaintiffs were not provided a reasonable answer, and admits that Plaintiffs remained seated.

f.   Defendant Waffle House denies that Brittany Campbell got angry and yelled, "If you people sit there I will not serve your table."

g.   Defendant Waffle House denies that Brittany Campbell said to Plaintiffs, "you people are out of place."

h.   Defendant Waffle House denies that a group of Bandidos motorcycle riders walked up to Plaintiffs' table.

i.   Defendant Waffle House denies that Brittany Campbell said to Plaintiffs, "This is who the table belongs to – not you people.  You people will not get served."

j.   Defendant Waffle House denies that the Bandidos motorcycle riders sat at the adjacent table and further denies that they were served by Brittany Campbell.

k.   Defendant Waffle House denies that Plaintiffs waited for some time without service, denies that Plaintiffs were told that no one else would wait on them, and admits that an employee who was working on the grill advised Plaintiffs he would wait on them.

l.   Defendant Waffle House denies that Brittany Campbell made fun of Plaintiffs with Defendant Bandidos Motorcycle Club.

m.   Defendant Waffle House admits that there were other African American patrons in the restaurant but denies that such patrons were not seated in the same section of the restaurant as Plaintiffs.

n.   Defendant Waffle House denies that Brittany Campbell colluded with members of Defendant Bandidos Motorcycle Club to intimate and threaten Plaintiffs in the parking lot after Plaintiffs exited the restaurant.

o.   Defendant Waffle House denies that Brittany Campbell insulted and embarrassed Plaintiffs in the parking lot after Plaintiffs exited the restaurant.

p.   Defendant Waffle House admits that Sharon Smith called Customer Service following the alleged incident and admits that a letter dated May 7, 2012 was sent by Waffle House to Ms. Smith regarding the alleged incident.

2.10.   Defendant Waffle House denies all of the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint.

2.11.   Defendant Waffle House denies all of the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.

2.12.   Defendant Waffle House denies all of the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint.

2.13.   Defendant Waffle House denies all of the allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint.

2.14.   Defendant Waffle House denies all of the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint.

2.15.   Paragraph 15 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.16.   Defendant Waffle House denies all of the allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint.

2.17.   Paragraph 17 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.18.   Defendant Waffle House denies all of the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.

2.19.   Paragraph 19 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.20.   Defendant Waffle House denies all of the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint.

2.21.   Paragraph 21 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.22.   Defendant Waffle House denies all of the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint.

2.23.   Paragraph 23 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.24.   Defendant Waffle House denies all of the allegations contained in Paragraph 24 of Plaintiffs' Second Amended Complaint.

2.25.   Defendant Waffle House denies all of the allegations contained in Paragraph 25 of Plaintiffs' Second Amended Complaint and further denies that Plaintiffs are entitled to a declaration of rights.

2.26.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs have a right to a temporary restraining order, preliminary injunction, and/or permanent injunction, as contained in Paragraph 1 on page 7 of Plaintiffs' Second Amended Complaint.

2.27.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to a declaration of rights, as contained in Paragraph 2 on page 7 of Plaintiffs' Second Amended Complaint.

2.28.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to any compensatory damages, as alleged in Paragraph 3 on page 7 of Plaintiffs' Second Amended Complaint.

2.29.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to any punitive damages, as alleged in Paragraph 4 on page 7 of Plaintiffs' Second Amended Complaint.

2.30.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to seek costs and/or attorney's fees under either state statutes or 42 U.S.C. § 1988, as alleged in Paragraph 5 on page 7 of Plaintiffs' Second Amended Complaint.

2.31.  Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to any relief from this Court, as alleged in Paragraph 6 on page 7 of Plaintiffs' Second Amended Complaint.

## III.  Affirmative Defenses

3.1.  Defendant Waffle House alleges that any injuries suffered by Plaintiffs were the proximate result, in whole or in part, of Plaintiffs' own contributory negligence and that Plaintiffs' contributory negligence of fifty-one percent or greater bars recovery under Section 33.001 of the Texas Civil Practice & Remedies Code.  In the alternative, should Plaintiffs' degree of contributory negligence be assessed as fifty-one percent or less, any damages to which Plaintiffs are entitled should be reduced in order to account for the degree of comparative fault in accordance with Chapter 33 of the Texas Civil Practice & Remedies Code.

3.2.  Pleading further, if such should be necessary, Defendant Waffle House asserts that Plaintiffs' contributory negligence or other legal fault constitutes a superseding/intervening cause of any injuries Plaintiffs may have suffered and that such negligence or other legal fault on the part of Plaintiffs was not reasonably foreseeable to Defendant Waffle House at any relevant time.

3.3.  Pleading further, if such should be necessary, Defendant Waffle House asserts its right to contribution, indemnity, and comparative responsibility with respect to those parties whose negligence and/or fault is shown to be a proximate and/or producing cause of the occurrence in question pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code.  To the extent Plaintiffs enter into a settlement with any other party, or collects judgment from any other party,

Defendant Waffle House asserts its right to credit, offset, and reduction pursuant to the laws of the State of Texas.

3.4.   Pleading further, if such should be necessary, Defendant Waffle House asserts that Plaintiffs' injuries were proximately caused by, or contributed to by, the acts and/or omissions of third parties and/or instrumentalities not under the control of Defendant Waffle House and for which Defendant Waffle House is not legally responsible.

3.5.   Pleading further, if such should be necessary, Defendant Waffle House invokes Sections 33.001, 33.003, and 33.012(a) of the Texas Civil Practice & Remedies Code as affirmative defenses to Plaintiffs' claims.

3.6.   Pleading further, if such should be necessary, Defendant Waffle House alleges that any injuries suffered by Plaintiffs were the proximate result, in whole or in part, of the negligence or other legal fault of various other individuals and entities who have either been designated as responsible third parties pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code or who will be properly designated as responsible third parties prior to the submission of this case to the jury. Defendant Waffle House further contends that the respective percentages of fault of these individuals or entities should be taken into account assessing Plaintiffs' damages in accordance with Section 33.003(a) and other applicable provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.

3.7.   Pleading further, if such should be necessary, Defendant Waffle House alleges that any causal connection between Defendant Waffle House's alleged acts or omissions and the occurrence made the basis of this lawsuit is broken by a

separate and independent agency, not reasonably foreseeable, which constitutes the immediate cause of the occurrence made the basis of this lawsuit.

3.8.   Pleading further, if such should be necessary, Defendant Waffle House asserts that if Plaintiffs suffered any damages, which Defendant Waffle House denies, Plaintiffs failed to mitigate such damages.

3.9.   Pleading further, if such should be necessary, Defendant Waffle House asserts that Plaintiffs assumed the risk of all conditions complained of in Plaintiffs' Second Amended Complaint.

3.10.   Pleading further, if such should be necessary, Defendant Waffle House asserts that Plaintiffs consented to the alleged actions of Defendant Waffle House.

3.11.   Pleading further, if such should be necessary, Defendant Waffle House asserts that any alleged use of force was justified in self-defense, the defense of a third party, and/or in protection of Defendant Waffle House's property.

3.12.   Pleading further, if such is necessary, Defendant Waffle House asserts that any alleged use of force was in response to provocation, and that Defendant Waffle House is entitled to mitigation of actual and exemplary damages.

3.13.   Pleading further, if such should be necessary, Plaintiffs' claims are barred by the two-year statute of limitations in the Texas Civil Practice & Remedies Code.

3.14.   Pleading further, if such should be necessary, Defendant Waffle House specifically denies Plaintiffs' allegations of malice and reckless indifference and will demand strict proof thereof at the time of trial.

3.15.   Pleading further, if such should be necessary, Defendant Waffle House asserts the limitations of exemplary damages set forth in Section 41.008 of the Texas Civil Practice & Remedies Code.

3.16.  As a further defense, if such should be necessary, Defendant Waffle House asserts the following with respect to Plaintiffs' allegation of punitive or exemplary damages:

a.   Plaintiffs' claims for punitive or exemplary damages against Defendant Waffle House cannot be sustained as no allegations have been made against Defendant Waffle House which would allow for recovery of such claims.

b.   Plaintiffs' claim for punitive or exemplary damages against Defendant Waffle House cannot be sustained because an award of punitive damages in this case would contravene and violate the Fourteenth Amendment to the Constitution of the United States, which guarantees due process of law and equal protection of the laws; Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article 1, Section 19 of the Texas Constitution, which guarantees due process.

### IV.   Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant Waffle House, Inc., respectfully prays that the Honorable Court dismiss Plaintiffs' Second Amended Complaint in its entirety with prejudice at Plaintiffs' sole cost and enter an order discharging Defendant Waffle House, Inc. of all liability herein.  Defendant Waffle House, Inc. additionally prays for such further relief, at either law or equity, to which it may prove itself to be justly entitled.

*[Signature block on next page]*

Respectfully submitted,

Brown Sims

Michael D. Williams
*mwilliams@brownsims.com*
Federal I.D. No. 6982
Texas Bar No. 21564330
1177 West Loop South, Tenth Floor
Houston, Texas  77027
(713) 629-1580
(713) 629-5027 fax

*Attorney for Defendant*
*Waffle House, Inc.*

## Certificate of Service

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all attorneys of record in accordance with the Federal Rules of Civil Procedure as well as the Southern District of Texas' Local Rules via electronic filing as well as facsimile and certified mail, return receipt requested on this the 1st day of May, 2014.

Rhonda J. Session
11233 Shadow Creek Parkway
Suite 200
Pearland, Texas 77584
832-456-7967
866-458-4250 fax
rhondajsession@justice.com

*Attorney for Plaintiffs*

Michael D. Williams

In the United States District Court
for the Southern District of Texas
Houston Division

| | |
|---|---|
| Sharon Smith McLaurin, et al.,<br>*Plaintiffs,* | |
| v. | Civil Action No. 4:14-cv-00740 |
| Waffle House, Inc. and Bandidos<br>Motorcycle Club,<br>*Defendants.* | Jury Demanded |

---

## Subject to Defendant Waffle House, Inc.'s Rule 12(b)(6) Motion to Dismiss, Defendant Waffle House, Inc.'s Answer to Plaintiffs' Second Amended Complaint

---

To the Honorable Judge Sim Lake:

COMES NOW, Waffle House, Inc., Defendant in the above-styled and numbered cause (hereinafter "Defendant Waffle House"), appearing by and through the assistance of the undersigned counsel of record, and files this *Answer to Plaintiffs' Second Amended Complaint*, subject to Defendant Waffle House, Inc.'s *Rule 12(b)(6) Motion to Dismiss*. In support thereof, Defendant Waffle House respectfully shows this Honorable Court as follows:

### I.     First Defense: Failure to State a Claim Upon Which Relief Can Be Granted

1.1.    Plaintiffs' Second Amended Complaint fails to state a claim against Defendant Waffle House upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). This Answer is

being filed subject to Defendant Waffle House, Inc.'s Rule 12(b)(6) Motion to Dismiss.

## II.    Specific Admissions and Denials

2.1.    Defendant Waffle House admits the allegations appearing in Paragraph 1 of Plaintiffs' Second Amended Complaint.

2.2.    Defendant Waffle House admits the allegations appearing in Paragraph 2 of Plaintiffs' Second Amended Complaint.

2.3.    Defendant Waffle House admits the allegations appearing in Paragraph 3 of Plaintiffs' Second Amended Complaint.

2.4.    Defendant Waffle House admits the allegations appearing in Paragraph 4 of Plaintiffs' Second Amended Complaint.

2.5.    Defendant Waffle House admits the allegations appearing in Paragraph 5 of Plaintiffs' Second Amended Complaint.

2.6.    While denying all liability asserted against it herein, Defendant Waffle House admits it is a place of accommodation as that term is defined in 42 U.S.C. § 2000a and that the address of the restaurant at issue in this claim is 7203 Garth Rd., Baytown, Harris County, Texas, as contained in Paragraph 6.

2.7.    Defendant Waffle House lacks knowledge or information sufficient to form a belief about the allegations appearing in Paragraph 7 of Plaintiffs' Second Amended Complaint.

2.8.    Paragraph 8 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.9.    With respect to Paragraph 9 of Plaintiffs' Second Amended Complaint:

a.   Defendant Waffle House admits that Plaintiffs entered Waffle House in Baytown, Texas during the early morning hours of January 22, 2012.

b.   Defendant Waffle House denies that Waffle House is a "seat yourself" restaurant.

c.   Defendant Waffle House denies that Plaintiffs sat in an empty booth and further denies that Plaintiffs were told by employee Brittany Campbell, "You people can't sit there."

d.   Defendant Waffle House denies that Plaintiffs were the only African American patrons seated in that section of the restaurant.

e.   Defendant Waffle House denies that Plaintiffs questioned why they couldn't sit in the booth, denies that Plaintiffs were not provided a reasonable answer, and admits that Plaintiffs remained seated.

f.   Defendant Waffle House denies that Brittany Campbell got angry and yelled, "If you people sit there I will not serve your table."

g.   Defendant Waffle House denies that Brittany Campbell said to Plaintiffs, "you people are out of place."

h.   Defendant Waffle House denies that a group of Bandidos motorcycle riders walked up to Plaintiffs' table.

i.   Defendant Waffle House denies that Brittany Campbell said to Plaintiffs, "This is who the table belongs to – not you people.  You people will not get served."

j.   Defendant Waffle House denies that the Bandidos motorcycle riders sat at the adjacent table and further denies that they were served by Brittany Campbell.

k.     Defendant Waffle House denies that Plaintiffs waited for some time without service, denies that Plaintiffs were told that no one else would wait on them, and admits that an employee who was working on the grill advised Plaintiffs he would wait on them.

l.     Defendant Waffle House denies that Brittany Campbell made fun of Plaintiffs with Defendant Bandidos Motorcycle Club.

m.    Defendant Waffle House admits that there were other African American patrons in the restaurant but denies that such patrons were not seated in the same section of the restaurant as Plaintiffs.

n.     Defendant Waffle House denies that Brittany Campbell colluded with members of Defendant Bandidos Motorcycle Club to intimate and threaten Plaintiffs in the parking lot after Plaintiffs exited the restaurant.

o.     Defendant Waffle House denies that Brittany Campbell insulted and embarrassed Plaintiffs in the parking lot after Plaintiffs exited the restaurant.

p.     Defendant Waffle House admits that Sharon Smith called Customer Service following the alleged incident and admits that a letter dated May 7, 2012 was sent by Waffle House to Ms. Smith regarding the alleged incident.

2.10.   Defendant Waffle House denies all of the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint.

2.11.   Defendant Waffle House denies all of the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.

2.12.  Defendant Waffle House denies all of the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint.

2.13.  Defendant Waffle House denies all of the allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint.

2.14.  Defendant Waffle House denies all of the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint.

2.15.  Paragraph 15 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.16.  Defendant Waffle House denies all of the allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint.

2.17.  Paragraph 17 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.18.  Defendant Waffle House denies all of the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.

2.19.  Paragraph 19 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.20.  Defendant Waffle House denies all of the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint.

2.21.  Paragraph 21 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.22.  Defendant Waffle House denies all of the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint.

2.23.  Paragraph 23 does not contain any new allegations or statements of facts for Defendant Waffle House to admit or deny.

2.24.   Defendant Waffle House denies all of the allegations contained in Paragraph 24 of Plaintiffs' Second Amended Complaint.

2.25.   Defendant Waffle House denies all of the allegations contained in Paragraph 25 of Plaintiffs' Second Amended Complaint and further denies that Plaintiffs are entitled to a declaration of rights.

2.26.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs have a right to a temporary restraining order, preliminary injunction, and/or permanent injunction, as contained in Paragraph 1 on page 7 of Plaintiffs' Second Amended Complaint.

2.27.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to a declaration of rights, as contained in Paragraph 2 on page 7 of Plaintiffs' Second Amended Complaint.

2.28.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to any compensatory damages, as alleged in Paragraph 3 on page 7 of Plaintiffs' Second Amended Complaint.

2.29.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to any punitive damages, as alleged in Paragraph 4 on page 7 of Plaintiffs' Second Amended Complaint.

2.30.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to seek costs and/or attorney's fees under either state statutes or 42 U.S.C. § 1988, as alleged in Paragraph 5 on page 7 of Plaintiffs' Second Amended Complaint.

2.31.   Defendant Waffle House denies all liability asserted against it herein and further denies that Plaintiffs are entitled to any relief from this Court, as alleged in Paragraph 6 on page 7 of Plaintiffs' Second Amended Complaint.

### III.   Affirmative Defenses

3.1.   Defendant Waffle House alleges that any injuries suffered by Plaintiffs were the proximate result, in whole or in part, of Plaintiffs' own contributory negligence and that Plaintiffs' contributory negligence of fifty-one percent or greater bars recovery under Section 33.001 of the Texas Civil Practice & Remedies Code.  In the alternative, should Plaintiffs' degree of contributory negligence be assessed as fifty-one percent or less, any damages to which Plaintiffs are entitled should be reduced in order to account for the degree of comparative fault in accordance with Chapter 33 of the Texas Civil Practice & Remedies Code.

3.2.   Pleading further, if such should be necessary, Defendant Waffle House asserts that Plaintiffs' contributory negligence or other legal fault constitutes a superseding/intervening cause of any injuries Plaintiffs may have suffered and that such negligence or other legal fault on the part of Plaintiffs was not reasonably foreseeable to Defendant Waffle House at any relevant time.

3.3.   Pleading further, if such should be necessary, Defendant Waffle House asserts its right to contribution, indemnity, and comparative responsibility with respect to those parties whose negligence and/or fault is shown to be a proximate and/or producing cause of the occurrence in question pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code.  To the extent Plaintiffs enter into a settlement with any other party, or collects judgment from any other party,

Defendant Waffle House asserts its right to credit, offset, and reduction pursuant to the laws of the State of Texas.

3.4.   Pleading further, if such should be necessary, Defendant Waffle House asserts that Plaintiffs' injuries were proximately caused by, or contributed to by, the acts and/or omissions of third parties and/or instrumentalities not under the control of Defendant Waffle House and for which Defendant Waffle House is not legally responsible.

3.5.   Pleading further, if such should be necessary, Defendant Waffle House invokes Sections 33.001, 33.003, and 33.012(a) of the Texas Civil Practice & Remedies Code as affirmative defenses to Plaintiffs' claims.

3.6.   Pleading further, if such should be necessary, Defendant Waffle House alleges that any injuries suffered by Plaintiffs were the proximate result, in whole or in part, of the negligence or other legal fault of various other individuals and entities who have either been designated as responsible third parties pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code or who will be properly designated as responsible third parties prior to the submission of this case to the jury. Defendant Waffle House further contends that the respective percentages of fault of these individuals or entities should be taken into account assessing Plaintiffs' damages in accordance with Section 33.003(a) and other applicable provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.

3.7.   Pleading further, if such should be necessary, Defendant Waffle House alleges that any causal connection between Defendant Waffle House's alleged acts or omissions and the occurrence made the basis of this lawsuit is broken by a

separate and independent agency, not reasonably foreseeable, which constitutes the immediate cause of the occurrence made the basis of this lawsuit.

3.8.   Pleading further, if such should be necessary, Defendant Waffle House asserts that if Plaintiffs suffered any damages, which Defendant Waffle House denies, Plaintiffs failed to mitigate such damages.

3.9.   Pleading further, if such should be necessary, Defendant Waffle House asserts that Plaintiffs assumed the risk of all conditions complained of in Plaintiffs' Second Amended Complaint.

3.10.  Pleading further, if such should be necessary, Defendant Waffle House asserts that Plaintiffs consented to the alleged actions of Defendant Waffle House.

3.11.  Pleading further, if such should be necessary, Defendant Waffle House asserts that any alleged use of force was justified in self-defense, the defense of a third party, and/or in protection of Defendant Waffle House's property.

3.12.  Pleading further, if such is necessary, Defendant Waffle House asserts that any alleged use of force was in response to provocation, and that Defendant Waffle House is entitled to mitigation of actual and exemplary damages.

3.13.  Pleading further, if such should be necessary, Plaintiffs' claims are barred by the two-year statute of limitations in the Texas Civil Practice & Remedies Code.

3.14.  Pleading further, if such should be necessary, Defendant Waffle House specifically denies Plaintiffs' allegations of malice and reckless indifference and will demand strict proof thereof at the time of trial.

3.15.  Pleading further, if such should be necessary, Defendant Waffle House asserts the limitations of exemplary damages set forth in Section 41.008 of the Texas Civil Practice & Remedies Code.

3.16.   As a further defense, if such should be necessary, Defendant Waffle House asserts the following with respect to Plaintiffs' allegation of punitive or exemplary damages:

a.   Plaintiffs' claims for punitive or exemplary damages against Defendant Waffle House cannot be sustained as no allegations have been made against Defendant Waffle House which would allow for recovery of such claims.

b.   Plaintiffs' claim for punitive or exemplary damages against Defendant Waffle House cannot be sustained because an award of punitive damages in this case would contravene and violate the Fourteenth Amendment to the Constitution of the United States, which guarantees due process of law and equal protection of the laws; Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article 1, Section 19 of the Texas Constitution, which guarantees due process.

## IV.   Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant Waffle House, Inc., respectfully prays that the Honorable Court dismiss Plaintiffs' Second Amended Complaint in its entirety with prejudice at Plaintiffs' sole cost and enter an order discharging Defendant Waffle House, Inc. of all liability herein.   Defendant Waffle House, Inc. additionally prays for such further relief, at either law or equity, to which it may prove itself to be justly entitled.

*[Signature block on next page]*

Respectfully submitted,

Brown Sims

Michael D. Williams
*mwilliams@brownsims.com*
Federal I.D. No. 6982
Texas Bar No. 21564330
1177 West Loop South, Tenth Floor
Houston, Texas  77027
(713) 629-1580
(713) 629-5027 fax

*Attorney for Defendant*
*Waffle House, Inc.*

## Certificate of Service

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all attorneys of record in accordance with the Federal Rules of Civil Procedure as well as the Southern District of Texas' Local Rules via electronic filing as well as facsimile and certified mail, return receipt requested on this the 1st day of May, 2014.

Rhonda J. Session
11233 Shadow Creek Parkway
Suite 200
Pearland, Texas 77584
832-456-7967
866-458-4250 fax
rhondajsession@justice.com

*Attorney for Plaintiffs*

Michael D. Williams